UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ARTHUR SMITH,** | : |
| Plaintiff | : CIVIL ACTION NO. 3:19-0542 |
| v. | : (JUDGE MANNION) |
| **UNITED STATES OF AMERICA,** et al., | : |
| | : |
| Defendants | |

**MEMORANDUM**

**I. Background**

Plaintiff, Arthur Smith, an inmate currently confined in the Allenwood Medium Federal Correctional Institution, White Deer, Pennsylvania, filed the above captioned action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §1346(b), 2671-2680. (Doc. 1). Named as Defendants are the United States and the Bureau of Prisons. Id. Plaintiff seeks damages for a fall sustained on a sidewalk, while housed at the Allenwood United States Penitentiary ("USP-Allenwood"), White Deer, Pennsylvania.

Presently before the Court is Defendants' motion for summary judgment. (Doc. 28). The motion has been fully briefed and is ripe for disposition. For the reasons that follow, the Court will grant Defendants' motion for summary judgment.

## II. Summary Judgment

Federal Rule of Civil Procedure 56(a) requires the court to render summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law. Id. at 248; Gray v. York Newspapers, Inc., 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 257; Brenner v. Local 514, United Bhd. of Carpenters and Joiners of Am., 927 F.2d 1283, 1287-88 (3d Cir. 1991).

When determining whether there is a genuine issue of material fact, the court must view the facts and all reasonable inferences in favor of the nonmoving party. Moore v. Tartler, 986 F.2d 682 (3d Cir. 1993); Clement v. Consol. Rail Corp., 963 F.2d 599, 600 (3d Cir. 1992); White v. Westinghouse Electric Co., 862 F.2d 56, 59 (3d Cir. 1988). In order to avoid summary

judgment, however, the nonmoving party may not rest on the unsubstantiated allegations of his or her pleadings. When the party seeking summary judgment satisfies its burden under Rule 56 of identifying evidence which demonstrates the absence of a genuine issue of material fact, the nonmoving party is required by Rule 56 to go beyond his pleadings with affidavits, depositions, answers to interrogatories or the like in order to demonstrate specific material facts which give rise to a genuine issue. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The party opposing the motion "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electric Indus. Co. v. Zenith Radio, 475 U.S. 574, 586 (1986). When Rule 56 shifts the burden of production to the nonmoving party, that party must produce evidence to show the existence of every element essential to its case which it bears the burden of proving at trial, for "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 323. See Harter v. G.A.F. Corp., 967 F.2d 846, 851 (3d Cir. 1992).

In determining whether an issue of material fact exists, the court must consider the evidence in the light most favorable to the nonmoving party. White, 826 F.2d at 59. In doing so, the Court must accept the nonmovant's allegations as true and resolve any conflicts in his favor. Id. (citations

omitted). However, a party opposing a summary judgment motion must comply with Local Rule 56.1, which specifically directs the oppositional party to submit a "statement of the material facts, responding to the numbered paragraphs set forth in the statement required [to be filed by the movant], as to which it is contended that there exists a genuine issue to be tried"; if the nonmovant fails to do so, "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed to be admitted." L.R. 56.1. A party cannot evade these litigation responsibilities in this regard simply by citing the fact that he is a *pro se* litigant. These rules apply with equal force to all parties. See Sanders v. Beard, No. 09-CV-1384, 2010 WL 2853261, at *5 (M.D. Pa. July 20, 2010) (*pro se* parties "are not excused from complying with court orders and the local rules of court"); Thomas v. Norris, No. 02-CV-01854, 2006 WL 2590488, at *4 (M.D. Pa. Sept. 8, 2006) (*pro se* parties must follow the Federal Rules of Civil Procedure).

III.    **Statement of Undisputed Facts**

On September 30, 2013, Smith was sentenced in the United States District Court for the Eastern District of Tennessee, to 178 months for robbery of a controlled substance, aiding and abetting by another in a pharmacy robbery, and felon in possession of a firearm and ammunition. (Doc. 22-1 at 81, Public Information Inmate Data). His projected release

date, *via* good conduct time, is March 12, 2033. Id. He has been housed in USP-Allenwood since March 2016. (Doc. 22-1 at 21, Deposition of Arthur Smith).

On February 26, 2018, Mr. Smith claims that he fell while walking on a sidewalk that the officials had been working on "since I got there" and was located outdoors but inside of USP-Allenwood. Id. Mr. Smith estimated, but without measuring, that the area of the sidewalk where he fell settled to the point that it was raised about an inch and a half. Id. Mr. Smith believed the sidewalk was pretty long in length and its width was four to five feet. Id. At the point where Mr. Smith fell, the entire width of the sidewalk was not raised, only a portion of the entire width was raised. Id. Mr. Smith stated that he used this sidewalk every day since he had been at USP-Allenwood, and passed the point where he fell at least twice a day to go to passive recreation to take painting classes, pour molds, or take a yoga class, etc. Id. at 46-49. He also occasionally used that sidewalk before he fell to go on plumbing jobs, as the BOP employed him as an orderly. Id.

On the day of his fall, February 26, 2018, Mr. Smith was not looking down when he was walking, and stated that he was talking and not paying attention. Id. at 51. Specifically, he was looking at and talking to inmate "Boston Billy" while he walked on the sidewalk outside in USP-Allenwood. Id. at 52-54. Both Boston Billy and Mr. Smith walked side by side when Mr.

Smith, who was walking with his hands in his pocket, tripped on the sidewalk. Id. As he tripped, Mr. Smith got his right hand partly out of his pocket and fell first on his right hand, hit his face, and shoulder. Id. Like the other twenty inmates in front of Mr. Smith walking on the sidewalk, Boston Billy did not trip, but rather kept on walking. Id.

## IV. Discussion

The Defendants argue that they are entitled to judgment in their favor on the basis that Plaintiff was not paying attention to where he was walking, knew about the raised area of the sidewalk and failed to take the necessary precautions to avoid an open and obvious condition. (Doc. 23 at 4).

Courts sitting in Pennsylvania uniformly apply Pennsylvania law when slip and fall accidents occur in the Commonwealth. See, e.g., Nw. Mut. Life Ins. Co. v. Babayan, 430 F.3d 121, 139 (3d Cir. 2005) (applying Pennsylvania law to a slip and fall case)); Moultrey v. Great A & P Tea Co., 281 Pa.Super. 525, 422 A.2d 593 (Pa.Super. 1980) (same). Under Pennsylvania law, four elements are needed to establish negligence: (1) a duty or obligation recognized by the law, requiring the actor to conform to a certain standard of conduct for the protection of others against unreasonable risks; (2) a failure to conform to the standard required; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss

or damage resulting in harm to the interests of another. Babayan, 430 F.3d at 139. "The standard of care a possessor of land owes to one who enters upon the land depends upon whether the person entering is a trespasser, licensee, or invitee." Carrender v. Fitterer, 503 Pa. 178, 469 A.2d 120, 123 (Pa.1983). Under Pennsylvania law, inmates are treated as invitees. Wilkerson v. United States, Civil No. 4:07:CV–2228, 2010 WL 1462542, *5 (M.D.Pa. Apr.9, 2010). With respect to conditions on the land which are known to or discoverable by the possessor, the possessor is subject to liability only if he:

> (a) knows or by the exercise of reasonable care would discover the condition and should realize that it involves an unreasonable risk of harm to such invitee; and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it; and
>
> (c) fails to exercise reasonable care to protect them against the danger.

Carrender. 469 A.2d at 123 (quoting Restatement (Second) of Torts §343). If "both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising normal perception, intelligence and judgment," then under Pennsylvania law there is no liability. Id. Further, "the law of Pennsylvania does not impose liability if it is reasonable for the possessor to believe that the dangerous condition would be obvious to and discovered by the invitee." Atkins v. Urban Redev.

- 7 -

Auth. of Pittsburgh, 489 Pa. 344, 414 A.2d 100, 104 (Pa. 1980) (quoting Palenscar v. Michael J. Bobb, Inc., 439 Pa. 101, 266 A.2d 478, 480 (Pa. 1970).

In support of its position, Defendants argue that the condition of the sidewalk was a known and obvious danger and so not a breach of Defendants' duty. This Court agrees.

"A danger is deemed to be 'obvious' when 'both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising normal perception, intelligence, and judgment.' " Carrender at 123 (quoting Restatement §343A cmt. b). "For a danger to be 'known, it must not only be known to exist, but ... also be recognized that it is dangerous, and the probability and gravity of the threatened harm must be appreciated.' " Id. at 124 (quoting Restatement §343A cmt. b). Generally, "[t]he location of the accident is the most relevant consideration, because no duty exists if the invitee knows: (1) the actual conditions; (2) the activities carried on; and (3) the dangers involved in either." Campisi v. Acme Markets, Inc., 915 A.2d 117, 120–21 (Pa. Super. Ct. 2006) (citing Restatement §343 cmt. e).

"It is hornbook law in Pennsylvania that a person must look where [s]he is going." Graham v. Moran Foods, Inc., No. 11-239, 2012 WL 1808952, at *4 (E.D. Pa. May 18, 2012) (quoting Villano v. Sec. Sav. Ass'n, 407 A.2d

440, 441 (Pa. Super. Ct. 1979)); see also Rogers v. Max Axen, Inc., 16 A.2d 529, 529 (Pa. 1940) ("[W]here one is injured as the result of a failure on h[er] part to observe and avoid an obvious condition which ordinary care for h[er] own safety would have disclosed, [s]he will not be heard to complain.").

Here, Mr. Smith's own testimony showed not only that the existence of the condition of the sidewalk was obvious to a reasonably attentive invitee but also Mr. Smith was aware of the sidewalk and appreciated the risks of traversing it. Thus, he knew full well the extent of the condition of that sidewalk as he had walked on it at least twice a day for 23 months.

Being the party adverse to summary judgment, a plaintiff must raise "more than a mere scintilla of evidence in [his] favor" in order to overcome a summary judgment motion and cannot survive by relying on unsupported assertions, conclusory allegations, or mere suspicions. Williams v. Borough of W. Chester, 891 F.2d 458, 460 (3d Cir. 1989). Mr. Smith has failed to meet his burden.

In his brief in opposition, Mr. Smith relies on the cases of Roman v. City of Plainfield, 388 N.J. Super. 527 (App. Div. 2006); Hawes v. N.J. Dep't. of Trasp., 232 N.J. Super. 160 (Law. Div. 1988) for the proposition that "uneven and disrupted sidewalk created a dangerous condition" and that the Court should find there are material facts in dispute. (Doc. 29 at 7). He also cites Harris v. BOP, 16-cv-49 ERIE, 2017 WL 2840287 (W.D. June 30,

2017). In Harris, the inmate claimed that the BOP failed to remove ice and snow from a sidewalk. Id., at *4. There again, the District Court found an issue of fact as to the existence of a dangerous condition and notice. Id. at *5.

The cases cited do not aid Plaintiff, since a determination as to whether the inch and a half rise in the sidewalk in the instant action created a dangerous condition is not in question. This is a case of whether the dangerous condition of sidewalk was known and obvious. The Court finds that Plaintiff's own deposition testimony reveals that he walked past the sidewalk enough times in the past twenty-three months prior to his fall to know the alleged danger the sidewalk presented.

Accordingly, reasonable minds could not differ as to the conclusion that an inch and a half raise in the sidewalk would be recognized by a reasonable man, in Mr. Smith's position. Moreover, Mr. Smith appreciated the condition of the sidewalk and knew the gravity and the probability of harm. Indeed, Mr. Smith's own testimony demonstrates other inmates appreciated the condition of the sidewalk and did not trip. Defendants' motion for summary judgment will be granted.

## VI. Conclusion

Based upon the undisputed facts of record, Defendants' motion for summary judgment will be granted.

An appropriate order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: April 15, 2021**
19-0542-01