UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARTHUR SMITH, | : |
| Plaintiff | : CIVIL ACTION NO. 3:19-0542 |
| v. | : (JUDGE MANNION) |
| UNITED STATES OF AMERICA, et al., | : |
| | : |
| Defendants | |

**MEMORANDUM**

**I. Background**

Plaintiff, Arthur Smith, an inmate currently confined in the Allenwood Medium Federal Correctional Institution, White Deer, Pennsylvania, filed the above captioned action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §1346(b), 2671-2680. (Doc. 1). Named as Defendants are the United States and the Bureau of Prisons. Id. Plaintiff seeks damages for a fall sustained on a sidewalk, while housed at the Allenwood United States Penitentiary ("USP-Allenwood"), White Deer, Pennsylvania.

By Memorandum and Order dated April 15, 2021, the Court granted Defendants' motion for summary judgment and closed the above captioned action (Docs. 35, 36). Presently before the Court is Smith's motion for reconsideration of this Court's April 15, 2021 Memorandum and Order, closing the above captioned action. (Doc. 37). For the reasons that follow,

the Court will deny the Plaintiff's motion.

## II. Discussion

A motion for reconsideration is a device of limited utility, which may "not be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." Ogden v. Keystone Residence, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (citations omitted); see also Baker v. Astrue, Civ. No. 07-4560, 2008 WL 4922015, at *1 (E.D. Pa. Nov. 17, 2008). Rather, a court may alter or amend its judgment only upon a showing from the movant of one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence ... or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate when a court has "patently misunderstood a party or has made a decision outside the adversarial issues presented to the [c]ourt by the parties or has made an error not of reasoning but of apprehension." Rohrbach v. AT&T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D.

99, 101 (E.D. Va. 1983)), *vacated in part on other grounds on reconsideration*, 915 F. Supp. 712 (M.D. Pa. 1996). "It may not be used as a means to reargue unsuccessful theories or argue new facts or issues that were not presented to the court in the context of the matter previously decided." Gray v. Wakefield, No. 3:09-cv-979, 2014 WL 2526619, at *2 (M.D. Pa. June 4, 2014); see also Database Am., Inc. v. Bellsouth Adver. & Publ'g Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden'."). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

A review of this Court's Memorandum and Order reveal that the condition of the sidewalk was a known and obvious danger to Plaintiff and not a breach of any duty owed by any Defendant. (Doc. 35). Additionally, the Court found that:

> The cases cited do not aid Plaintiff, since a determination as to whether the inch and a half rise in the sidewalk in the instant action created a dangerous condition is not in question. This is a case of whether the dangerous condition of the sidewalk was

- 3 -

> known and obvious. The Court finds that Plaintiff's own deposition testimony reveals that he walked past the sidewalk enough times in the past twenty-three months prior to his fall to know the alleged danger the sidewalk presented.
> Accordingly, reasonable minds could not differ as to the conclusion that an inch and a half raise in the sidewalk would be recognized by a reasonable man, in Mr. Smith's position. Moreover, Mr. Smith appreciated the condition of the sidewalk and knew the gravity and the probability of harm. Indeed, Mr. Smith's own testimony demonstrates other inmates appreciated the condition of the sidewalk and did not trip.

Id.

Plaintiff now files a motion for reconsideration, claiming that this Court ignored case law regarding his inability to avoid the dangerous conditions at issue. (Doc. 37). Specifically, Plaintiff cites to Kirschbaum v. WRGSB Assocs., No. CIV. A. 97-5532, 1999 WL 1243846, at *1 (E.D. Pa. Dec. 14, 1999), aff'd, 243 F.3d 145 (3d Cir. 2001), to support his claims that he had to walk on the sidewalk with an obvious crack.

In Kirschbaum, the plaintiff fell on defective stairs. See Kirschbaum, 1999 WL 1243846, at *16. Although the plaintiff testified that he used the staircase frequently and it was dirty and the banister was not connected properly, he did not appreciate the height differential on the steps. See id. As such, the district court held, the plaintiff did not have the knowledge to appreciate the full risk of climbing the stairs. See id. at *17. Plaintiff's case, however, is clearly distinguishable.

Here, "both the condition and risk [were] apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising normal perception, intelligence, and judgment." Restatement (Second) of Torts §343A, cmt. b. Smith does not assert a secret danger like height differential in Kirschblaum. See id. In fact, Smith's own deposition testimony reveals that he walked past the sidewalk enough times in the past twenty-three months prior to his fall to know the alleged danger the sidewalk presented and that, like his friend Boston Billy, walked over the crack in the sidewalk. (Doc. 35 at 6).

Thus, Plaintiff's motion fails to meet the narrowly defined factors governing motions for reconsideration, as it does not identify an intervening change in controlling law, provide any evidence that was not previously available to this Court, or show the need to correct a clear error of law or fact or prevent manifest injustice. As this Court has already demonstrated, Smith fell because he had his hands in his pocket and was not watching where he was going. (Doc. 35 at 6). Consequently, the Court finds Plaintiff's motion meritless.

Accordingly, this Court finds that its Memorandum and Order of April 15, 2021, is not troubled by manifest errors of law or fact and Plaintiff has not presented anything new, which if previously presented, might have

affected our decision. Consequently, the motion for reconsideration will be denied.

    A separate Order shall issue.

                              *s/ Malachy E. Mannion*
                              **MALACHY E. MANNION**
                              **United States District Judge**

**Dated: January 27, 2022**
19-0542-02